FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUN 12 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

EGLON BASCOM,

       Plaintiff,

-against-

THE BROOKDALE HOSPITAL

       Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-MC-0363 (SLT)

EGLON BASCOM,

       Plaintiff,

-against-

12-MC-0371 (SLT)

THE BROOKDALE HOSPITAL

       Defendant.
----------------------------------------------------------x

TOWNES, United States District Judge.

By Order dated August 26, 2010, Judge Allyne R. Ross enjoined *pro se* plaintiff Eglon Bascom "from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale Hospital in this Court without first obtaining leave of Court." Bascom v. Brookdale Hospital, No. 10-CV-3378 (ARR). Judge Ross noted that plaintiff had filed five previous actions against Brookdale Hospital, one in 2004 and four in 2010; all were dismissed and plaintiff received several warnings.

Since the injunction was ordered, plaintiff has sought leave to file a new *in forma pauperis* action against Brookdale Hospital related to his prior residency there on

1



four occasions: Bascom v. The Brookdale Hospital, 11-mc-614 (SLT); Bascom v. Brookdale Hospital, 11-mc-630 (SLT); Bascom v. Brookdale Hospital, 11-mc-652 (SLT); Bascom v. Brookdale Hospital, 12-mc-343 (SLT). Each time leave was denied.

On May 30, 2012 and June 1, 2012, eight and ten days, respectively, after leave to file was denied in Bascom v. Brookdale Hospital, 12-mc-343 (SLT), plaintiff filed the instant complaints and the obligatory requests for leave to file. In these pleadings, plaintiff continues his pattern of vexatious litigation against Brookdale Hospital with regard to his prior residency. Accordingly, plaintiff's applications for leave to file the *in forma pauperis* actions are DENIED.

Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a party may be sanctioned for pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay or, needlessly increase the cost of litigation." Chambers v. NASCO, Inc., 501 U.S. 32, 42-52 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly or for oppressive reasons). "[B]efore sanctions are imposed, a *pro se* litigant must be 'adequately warned of the consequences which may result from this behavior.'" Shahid v. Ridgewood-Bushwich Senior Citizen's Council, No. CV-03-4949, 2005 WL 1009549, *1 (E.DN.Y. Apr. 26, 2005) (quoting Golub v. Univ. of Chicago, Nos. 87 Civ. 2891, 88 Civ. 0597, 1992 WL 333641, *4 (E.D.N.Y. Oct. 26, 1992)); Daniel v. Safir, 135 F. Supp. 2d 367, 379 (E.D.N.Y. 2001); Fed. R. Civ. P. 11(c)(3). The Court notes that plaintiff was informed in an earlier order of the possibility of sanctions should he continue to file frivolous complaints. See Bascom v. Brookdale Hospital, 10-CV-3052 (SLT), dkt no. 8 at 5-6.

Conclusion

Accordingly, plaintiff's applications for leave to file the instant *in forma pauperis* actions are denied. Furthermore, plaintiff is hereby warned that further submissions seeking leave to file similar frivolous or malicious actions shall result in the imposition of sanctions in the amount of $1500.00. See, e.g., Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 59 (2d Cir. 2001) (affirming imposition of $1500 sanction on *pro se* litigant). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
June 11, 2012